**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4808**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DENNIS CARL FISHER, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. James P. Jones, District Judge. (CR-02-30093)

———————

Submitted: June 21, 2004          Decided: September 20, 2004

———————

Before WILLIAMS and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Gary L. Smith, GARY LANCE SMITH, P.C., Winchester, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dennis Carl Fisher, Jr., appeals his conviction and sentence for possession with intent to distribute fifty grams or more of cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). We affirm.

Fisher argues the district court erred when it prohibited him from cross-examining a police investigator about his alcohol use. The investigator testified he did not drink on the day of Fisher's arrest and that he does not drink on duty. The district court found that further evidence of the witness's drinking habits was not probative, and to the extent that it might be probative, it should be excluded under Fed. R. Evid. 403 because its value was substantially outweighed by its danger of unfair prejudice, confusion of the issues, and misleading the jury.

We review a district court's evidentiary rulings for abuse of discretion. United States v. Leftenant, 341 F.3d 338, 342 (4th Cir. 2003), cert. denied, 124 S. Ct. 1183 (2004). We will defer to the balancing engaged in by the district court under Rule 403 "unless it is an arbitrary or irrational exercise of discretion." United States v. Heater, 63 F.3d 311, 321 (4th Cir. 1995). Accordingly, because we conclude that the district court's finding that the probative value of the witness's drinking habits was substantially outweighed by its danger of unfair prejudice, confusing the issues, and misleading the jury was not arbitrary or

irrational, we hold the district court did not abuse its discretion by precluding further questioning.

Fisher also argues it was reversible error for the Government not to provide him a copy or transcript of a tape recording of a conversation of a confidential informant setting up a drug transaction with Fisher, and a copy of a witness's criminal record. Fisher contends the Government's failure to disclose this evidence violated Brady v. Maryland, 373 U.S. 83, 87 (1963), and the Jencks Act, 18 U.S.C. § 3500 (2000).

To prove a Brady violation, Fisher must show he requested the undisclosed evidence and it was (1) favorable; (2) material; and (3) that the prosecution had it and failed to disclose it. See Moore v. Illinois, 408 U.S. 786, 794-95 (1972); United States v. Stokes, 261 F.3d 496, 502 (4th Cir. 2001). Evidence is "favorable" not only when it would tend to exculpate the accused, but also when it can be used to impeach government witnesses. See United States v. Bagley, 473 U.S. 667, 676 (1985); United States v. Trevino, 89 F.3d 187, 189 (4th Cir. 1996). Evidence is material if there is a reasonable probability its disclosure would have produced a different outcome. See Bagley, 473 U.S. at 682; United States v. Kelly, 35 F.3d 929, 936 (4th Cir. 1994). A "reasonable probability" of a different result is shown when the government's failure to disclose evidence "undermines confidence in the outcome of the trial." Bagley, 473 U.S. at 678.

Under the Jencks Act, a defendant has a right to inspect, for impeachment purposes, prior statements made to government agents by government witnesses, which are in the government's possession. 18 U.S.C. § 3500(b) (2000). A statement by a government witness must be produced after the witness's direct examination at trial, if the statement relates to the witness's testimony. A "statement" is defined as the witness's written statement or an oral statement that was transcribed "substantially verbatim." See 18 U.S.C. § 3500(e) (2000). Violations of the Jencks Act constitute harmless error when no prejudice results to the defense. United States v. Schell, 775 F.2d 559, 567 (4th Cir. 1985).

Because Fisher has not demonstrated the undisclosed information was material, we conclude the Government did not violate Brady. Furthermore, we conclude no violation of the Jencks Act occurred. Accordingly, we affirm Fisher's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED